**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff(s),**    **CASE NUMBER: 06-20185**
              **HONORABLE VICTORIA A. ROBERTS**
**v.**

**MARCUS LAMONT FREEMAN,**

    **Defendant(s).**
                    /

**ORDER**

  This matter is before the court on Marcus Lamont Freeman's "Motion in Limine to Exclude All Transcripts of Calls to be Introduced by the Government." (Doc. # 462). On January 12, 2010 the Court ordered the parties to exchange all transcripts they intend to use at trial, on or before June 1, 2010, and to resolve any objections to the transcripts by July 15, 2010. (Doc. # 417). The parties were also ordered to bring any unresolved objections to the transcripts immediately to the Court's attention. (*Id.*).

  Although the government submitted its transcript on June 1, it later determined that corrections needed to be made and on July 13 it notified defense counsel that it was working to make the necessary revisions. (Doc. # 469, Exh. A). On July 23, 2010 the government submitted its revised transcript. Freeman seeks exclusion of the revised transcript in its entirety, claiming that by failing to apprise him of the changes it made to its original transcript, the government violated the Court's January 12 Order by making it "virtually impossible for the defendants to make an independent assessment of the changes the government has made to the transcripts." (Doc. # 462). The

1

government responds that its revisions were necessitated by errors in the original transcript identified by some defense counsel, that there were no substantive changes made to the transcript, and that if Freeman identifies a portion of the transcript that is inaccurate, it will cooperate in making the necessary revisions.  (Doc. # 469).

Freeman failed to identify any error in the revised transcript; nor did he explain how the lack of a record of the government's changes has made it impossible for him to independently assess its accuracy.  Moreover, Freeman does not assert that he is prejudiced by the government's conduct, nor does he allege bad faith on the part of the government.  Although the government's failure to record its revisions did not violate the Court's January 12 Order, even if it did, in the absence of prejudice or bad faith, exclusion of the government's transcript is not warranted.  *Cf. United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995) ("[S]uppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court.").  Here, where as of yet there is no dispute as to the contents of the tapes because Freeman has identified no purported error(s) in the government's transcript, the Court will not endeavor to read the transcript against the tapes. Furthermore, the Court notes that it is the tapes and not the transcripts, that is the evidence that will ultimately be presented to the jury.

Freeman's motion is **DENIED.**  Freeman may re-file his motion if, upon review of the government's transcript and tapes, he determines that the transcript is inaccurate, brings the objection to the government's attention and is unable to resolve the objection at that time.  Otherwise, Freeman must stipulate to the transcript.

**IT IS ORDERED.**

s/Victoria A. Roberts
                                                        Victoria A. Roberts
                                                        United States District Judge

Dated: September 15, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 15, 2010.
>
> s/Linda Vertriest
> Deputy Clerk