UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                             Case No: 06-20185
                                                             Honorable Victoria A. Roberts

MARCUS LAMONT FREEMAN,

    Defendant.
_____/

## ORDER

Marcus Freeman filed a Motion in Limine to Exclude Co-Conspirator Statements Not Made in the Course of and in Furtherance of the Alleged Conspiracy (Doc. #463). Roy West joined the motion (Doc. #473). Alvino Cornelius joined as well (Doc. #472).

## I. INTRODUCTION

Using a Title III wiretap, the Government intercepted telephone conversations between West and Bracey, and West and other individuals, as well as one conversation between Bracey and other individuals. In his motion, Freeman identifies eight telephone sessions which he believes are inadmissible.

Although Marcus Freeman's motion discusses a number of recordings, the Government says that in Freeman's trial, it will only seek to introduce redacted versions of taped conversations #11278 and 11279 (Government Combined Response, Exhibit E).

The Court reserves ruling.

1

## II. FACTS

In these sessions, West speaks with Bracey on December 20, 2005 at 6:31 pm and 6:33 pm, several minutes after Day was murdered. (Doc. # 463, Exhs. A, B). Freeman argues that the conversations captured are narrative, describing a past event and do not further the objectives of the alleged conspiracy. This makes them inadmissible hearsay. During one conversation, West tells Bracey, "they say dude is up out of here." Bracey then asks where he is, and West replies, "[t]hey say dude up out of here." (Doc. # 463, Exh. A). In session number 11279, West instructs Bracey to call West as soon as somebody calls Bracey, and not to call anyone in the mean time. (*Id.* at Exh. B). Immediately prior to these conversations, in session number 11274, Freeman and "Ceaze" call West to tell him that "the situation is over with." (Doc. # 486, Exh. E). The Government contends that the conversations between West and Bracey captured in session numbers 11278-11279 are admissible against Freeman under Rule 801 (d)(2)(E) "because West was apprising co-conspirator Bracey about the progress of the conspiracy." (Doc. # 486 at 18); *see United States v. Martinez*, 430 F.3d 317, 327 (6th Cir. 2005).

## III. CO-CONSPIRATOR LAW

Under Fed. R. Evid. 801 (d)(2)(E), a statement is not hearsay if the statement is offered against a party and it is made "by a coconspirator of [the] party during the course and in furtherance of the conspiracy." FED. R. EVID. 801 (d)(2)(E). Statements made after the conspiracy ends, however, are not made in furtherance of the conspiracy, and are not admissible under Rule 801 (d)(2)(E). *United States v. Conrad*,

507 F.3d 424, 430 (6th Cir. 2007).

In this case, the conspiracy charged involves murder-for-hire, not just murder. Allegedly, co-conspirators were to kill Leonard Day in exchange for the payment of money. Presumably, statements made to confirm the murder, in order to trigger the payment, could be part of the conspiracy. *See Martinez*, 430 F.3d at 326 (statements made to apprise a coconspirator of the progress of the conspiracy are in furtherance of the conspiracy). "The case law gives ample support to the proposition that payment is an integral and often final term in a conspiracy." *United States v. Hamilton*, 689 F.2d 1262, 1270 (6th Cir. 1982) (citations omitted).

Before a court can admit hearsay statements under the so-called "coconspirator exception" to the hearsay rule, three foundational requirements must be established. *Id.* at 429. "The government bears the burden of showing by a preponderance of the evidence that a conspiracy existed, that the defendant was a member of the conspiracy, and that the statement was made in the course and furtherance of the conspiracy." *Martinez*, 430 F.3d at 325 (6th Cir. 2005). These findings, often called *Enright* findings, are findings of fact that must be made by the district court pursuant to Fed. R. Evid. 104 (a). *Id.* (citing *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978)); *Conrad*, 507 F.3d at 429. The Court may consider the statements at issue when determining their admissibility under the exception. *Martinez*, 430 F.3d at 325. "Yet the statements alone are not enough; they must be corroborated by independent evidence." *United States v. Payne*, 437 F.3d 540, 544 (6th Cir. 2006) (citing *United States v. Clark*, 18 F.3d 1337, 1341-42 (6th Cir. 1994)).

The Sixth Circuit identified three methods by which this Court can determine the

admissibility of evidence under the coconspirator exception. *See United States v. Vinson*, 606 F.2d 149, 152-53 (6th Cir. 1979). The Court can conduct a "mini-hearing," without a jury, to hear evidence of the alleged conspiracy and make preliminary *Enright* findings. *Id.* at 152. Or, the Court can require the Government to produce the independent evidence of conspiracy at trial, before it attempts to introduce the hearsay, and the Court can make the *Enright* findings at that time. *Id.* The third alternative is for the Court to "admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence." *Id.* at 153.

## IV. ANALYSIS

The Government fails to provide the "independent evidence" it has of the alleged conspiracy.

The Court will employ the second approach recommended by the Sixth Circuit, and reserve ruling on Freeman's motion regarding the alleged hearsay statements. The Court will make *Enright* findings before deciding whether the statements are admissible. To determine whether the Government met its burden to establish by a preponderance (1) a conspiracy; (2) Freeman's involvement in the conspiracy; and (3) that the statements were made in the course and in furtherance of the conspiracy, the Court needs to hear the Government's independent evidence of such at trial. Before the finding is made by the Court, the Government must refrain from introducing any of the hearsay statements made in these two sessions until the Court has made its ruling. This procedure will "avoid[ ] 'the danger of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes.'" *Id.* at 152-53 (quoting *United States v. Macklin*, 573 F.2d 1046, 1049 n. 3 (8th Cir. 1978)).

4

## V. CONCLUSION

For these reasons, the Court will rule on this motion during trial.

**IT IS ORDERED**.

                                                /s/ Victoria A. Roberts  
                                                Victoria A. Roberts  
                                                United States District Judge

Dated: September 28, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 28, 2010.

s/Linda Vertriest  
Deputy Clerk

---